W. Byron Healy *et al. vs.* Ono H. Lescure *et al.*

JULY 18, 1950.

Present: Flynn, C. J., Baker, Condon and O'Connell, JJ.

O'Connell, J.   This is a bill in equity for partition of real estate.   After entry of a decree *pro confesso* against certain of the respondents who failed to make answer thereto, it was heard in the superior court on bill, answers and proof.   A final decree was thereafter entered ordering partition as requested and decreeing that such partition should be made between the complainants and respondents according to their respective rights and interests as set forth in the bill of complaint and the answers thereto.   Since partition could not be made by metes and bounds a sale was ordered by a commissioner appointed by the court, at a price not less than $4000.   No appeal was taken from the entry of this decree.

Thereafter the premises were sold for $4000 plus $26 by

way of tax adjustment, which sale was ratified by decree of the superior court. The complainants then filed their petition for the allowance of counsel and commissioner's fees, for a hearing on claims against the estate, and for determination of the distributive shares, if any, payable to the parties. After a hearing thereon a decree was entered fixing such fees, determining the amount of such claims and ordering distribution of the balance in the hands of the commissioner. The cause is before us on respondents' appeal from that decree.

An examination of the bill for partition shows that as it originally appeared in typewritten form there was no allegation that Evelyn R. Healy, wife of W. Byron Healy, was one of the tenants in common seized and possessed of the premises involved herein. However, the words "& Evelyn R. Healy, his wife" appear by an insertion in ink in paragraph First of the typewritten bill. The record does not specifically disclose when or by whom this addition was made. The respondents contended that such insertion was not in the bill when the trial justice heard the cause and rendered his decision. At any rate, after the cause was argued before us the parties hereto entered *in this court* the following stipulation: "It is hereby agreed that the interlineation 'and Evelyn Healy, his wife,' in Paragraph First of the Bill of Complaint may be deleted and disregarded."

From the entry of this stipulation it may reasonably be inferred that such addition to the original bill for partition was made without the knowledge or consent of counsel for some of the parties. In any event the filing of such stipulation, after the cause was argued before this court and pending our decision thereon, may possibly have changed the record upon which the trial justice apparently based and entered the decree appealed from. He found therein that Evelyn R. Healy was entitled to $1360 of the funds in the hands of the commissioner on the basis of a half owner-

ship in the property sold by him under the decree ordering partition by sale.

By reason of the above stipulation we cannot consider the extent, if any, of her interest in the premises so sold by the commissioner, nor determine whether the trial justice was correct in his finding that she was entitled to participate in the proceeds of sale, for there now remains no allegation of seisin on her part, while the decree authorizing partition by sale provides that partition shall be made between the complainants and respondents according to their respective rights and interests as set forth in the bill for partition and the answers filed thereto.

In these circumstances we are of the opinion that the cause should be remanded to the superior court for decision on the record as amended by agreement of counsel for the contesting parties, if such counsel are still of the opinion that the cause should be decided on the bill and answers as affected by the stipulation referred to above.

The cause is remanded to the superior court for further proceedings, in accordance with this opinion, before the trial justice who entered the decree appealed from, if he is available.

*J. Raymond Dubee,* for complainants.

*Henry M. Boss,* for certain respondents.